UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 10-21716-CIV-JORDAN

JACKSON POLANCO and LORIS OTT,       )
                                      )
            Plaintiffs                )
                                      )
vs.                                   )
                                      )
CARNIVAL CORP. d/b/a CARNIVAL         )
CRUISE LINES,                         )
                                      )
            Defendant                 )
_____)

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**

Applying the Rule 12(b)(6) standard set forth in *Bell Atlantic Corp. v. Twombly,* 540 U.S. 544, 555 (2007), and for the reasons which follow, Carnival Corporation's motion to dismiss the amended complaint [D.E. 9] is granted.

**I. ALLEGATIONS**

The plaintiffs – Jackson Polanco and Loris Ott – were passengers on the "Valor," a Carnival cruise ship, for a voyage began on May 31, 2009. The plaintiffs purchased tickets for the cruise, and also bought certain Carnival "shore excursions," including a "Land Rover and Cave Expedition."[1]

On June 4, 2009, at around 1:00 p.m., the plaintiffs went on their "Land Rover and Cave Expedition," which involved "traveling over rough terrain and a narrow gravel roadway." Their vehicle, which was "operated by a person who was not experienced as to the workings of the vehicle and the roadway," veered off the roadway, went down an embankment, rolled, and came to a stop in a ravine. As a result of this accident, both plaintiffs were "seriously injured." No further details about the accident or the plaintiffs' injuries are found in the amended complaint.

The single count of the complaint alleges negligence against Carnival under federal maritime law. According to the plaintiffs, Carnival owed them a non-delegable duty to "exercise reasonable care and to provide for [their] safety while on the . . . shore excursion, including supervising and

_____

[1]The amended complaint is silent as to the destinations or ports of call of the "Valor." It is also silent as to where the "Land Rover and Cave Expedition" took place.

monitoring the shore excursions and to maintain a reasonably safe condition, free of dangers and hazards that could cause injury to its patrons."   The plaintiffs allege that Carnival allowed a dangerous condition -- i.e., the negligent operation of the vehicle -- to exist, despite knowing that the condition "had existed for a sufficient length of time" such that it should have known of it.  The plaintiffs say that Carnival breached its duty by failing to provide adequate precautions for the safety of its passengers, failing to provide adequately trained personnel to appropriately staff the excursion, failing to properly monitor and supervise the shore excursion, failing to warn passengers of the dangers associated with the excursion, allowing a non-employee to operate the vehicle in question when it knew of the dangerous conditions on the roadway, failing to adequately investigate prior (and subsequent) injuries involving similar circumstances surrounding the excursions, and failing to post adequate warnings about the dangerous condition of the roadway.  The plaintiffs also assert that they had no prior knowledge of the dangers associated with the excursion, and that such dangers were not obviously apparent to them.

## II. DISCUSSION

Carnival moves to dismiss the amended complaint on two grounds.  First, Carnival argues that exculpatory language in the plaintiffs' ticket contracts bars the negligence claim based on what allegedly happened on the excursion.  Second, Carnival contends that admiralty law only imposes a duty to do what is reasonable under the circumstances, and that it did not have a duty to supervise an excursion operated by an independent contractor.  I address each of the arguments separately.

### A. THE EXCULPATORY CLAUSE IN THE TICKET CONTRACT

The plaintiffs' cruise ticket contract contained the following language:

> **10. INDEPENDENT CONTRACTORS, SHORE EXCURSIONS, AND OTHER SERVICES.**  Guest acknowledges that all shore excursions/tours (whether conducted in the water, on land, or by air) . . . are . . . operated by or are . . . independent contractors. . . . Carnival neither supervises nor controls their actions, nor makes any representation either express or implied as to their suitability. Carnival, in arranging for . . . all shore excursions/tour tickets . . . or other transportation off the ship and its tenders, does so only as a convenience for the guest and guests are free to use or not use these services.  Guest agrees that Carnival assumes no responsibility, does not guarantee performance, and in no event shall be liable for any negligent or intentional acts or omissions, loss, damage, injury, or

2

> delay to guest . . . in connection with said services.  Guests use the
> services of all independent contractors at the guest's sole risk.[2]

Carnival argues that, under admiralty law, this exculpatory language is valid and absolves it of any liability for injuries sustained by the plaintiffs when their vehicle veered off the gravel roadway.  At this early stage of the proceedings, and without a more complete record, I do not agree.

"As a general rule, conditions or limitations in a contract for passage are valid if the ticket provides adequate notice of them."  *Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1335 (11th Cir. 1984).  As Carnival asserts, similar (though not identical)  exculpatory clauses have been held enforceable under admiralty law.  *See, e.g., Henderson v. Carnival Corp.,* 125 F.Supp.2d 1375, 1377 (S.D. Fla. 2000); *Dubret v. Holland America Line Westour, Inc.,* 25 F.Supp.2d 1151, 1153 (W.D. Wash. 1998).  But the plaintiffs do not simply allege the negligence of the excursion operator or the driver of the vehicle; they allege also that Carnival was itself independently negligent in various ways, e.g., in not warning its passengers of dangers it knew were associated with this particular excursion.  Thus, dismissal is not warranted at this time.  *See Fojtasek v. NCL (Bahamas) Ltd.,* 631 F.Supp.2d 1332, 1335 (S.D. Fla. 2009).  *Cf. Isbell v. Carnival Corp.,* 462 F.Supp.2d 1232, 1236 (S.D. Fla. 2006) (avoiding decision on whether Carnival's exculpatory clause applies when Carnival is alleged to have been independently negligent with respect to shore excursion).

## II. DUTY AND BREACH

Carnival also argues that it has only a duty to do what is reasonable under the circumstances, and that it is not required to warn passengers of unknown dangers or obvious dangers.  In my view, the amended complaint is insufficient to survive these arguments.

To the extent that the plaintiffs are alleging that Carnival had a duty to warn them that a motor vehicle transporting them to and from a shore excursion might be involved in an accident, I agree with Carnival that the negligence claim fails as a matter of law.  I concur with Judge Altonaga's recent decision in *John Morrell & Co. v. Royal Caribbean Cruises, Ltd.,* 534 F.Supp.2d

---

[2]The plaintiffs attached, to their initial complaint, copies of their online acceptance of Carnival's cruise ticket contract.  One of the sections of the confirmation document, entitled "Shore Excursions," listed a number of shore excursions for Mr. Polance and Ms. Ott, and contained the following language: "Please note all excursions are operated by independent on-shore operators and Carnival is not responsible for their actions."

1345, 1351-53 (S.D. Fla. 2008), that it is obvious to anyone that a motor vehicle might be involved in an accident.  As a result, Carnival had no general duty to warn the plaintiffs that the motor vehicle providing transportation  for their excursion might be involved in an accident.  *See also Andia v. Full Service Travel,* 2007 WL 4258634, *7 (S.D. Cal. 2007) (cruise line did not have to warn passenger, who went on excursion to see volcanoes, that falling is a risk in any kind of hike on steep and uneven terrain).

Turning from the more general to the more specific, the standard of care for the owner of a cruise ship is "ordinary care under the circumstances, a standard which requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive knowledge of the risk-creating condition, at least where the menace is one encountered on land not clearly linked to nautical adventure."  *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1322 (11th Cir. 1989).   The only relevant allegation in the amended complaint is that Carnival knew of the negligent operation of the motor vehicle in the excursion for a "sufficient" period of time, or at least should have known of it, and failed to investigate similar incidents in the past, thus giving rise to a duty to warn.

The problem for the plaintiffs is that these meager allegations are wholly conclusory.  There are no details about how long Carnival knew of the negligent operation of the motor vehicle on the excursion, or how it was that Carnival knew or should have known about such negligent operation. There are also no details about  the similar past incidents that Carnival allegedly failed to investigate. What were the incidents, and how were they similar? When did they occur? Who was the excursion operator? Who were the drivers of the motor vehicles in the other incidents? How did Carnival learn of the incidents?  The complaint is bereft of information on these material issues.  It therefore fails to state a claim for negligence, and is dismissed without prejudice.  *See, e.g., Isbemer v. Celebrity Cruises, Inc.,* 2006 WL 4005565, *4 (S.D. Fla. 2006) (dismissing negligence claim against cruise line without prejudice -- allegations that cruise line failed to investigate whether excursion operator was qualified, and that operator had a poor reputation and  had prior claims against it, were too vague and conclusory).  *Cf. Isbell,* 462 F.Supp.2d at 1237  (ruling, on summary judgment, that passenger failed to show that cruise line had constructive knowledge of snakes in river navigated on inner tubing shore excursion operated by third party: "The mere fact that an accident occurred does not give rise to a presumption of a dangerous condition.").

### III. CONCLUSION

The amended complaint is dismissed without prejudice.  The plaintiffs have until August 25, 2010, to file a second amended complaint or the case will be closed.

DONE and ORDERED in chambers in Miami, Florida, this 10th day of August, 2010.

Adalberto Jordán
United States District Judge

Copy to:        All counsel of record